**VEATCH et al. v. WAGNER et al.**

No. 6628–A.

District Court, Alaska
First Division, Juneau.

Feb. 4, 1953.

538

Warren C. Christianson, Sitka, Alaska, for plaintiffs.

Robert Boochever of Faulkner, Banfield & Boochever, Juneau, Alaska, for defendant.

FOLTA, District Judge.

In a case which appears to be one of first impression, the plaintiffs, publishers of a newspaper at Sitka, Alaska, seek to enjoin the defendant which owns and operates a broadcasting station at Sitka and competes with them for advertising, from continuing to broadcast news from plaintiffs' newspaper. The news is received by the plaintiffs from the Associated Press by virtue of plaintiffs' membership therein and plaintiffs allege that, in consequence of the practice complained of, they have suffered a loss of advertising, subscriptions, good will and profits, for which they seek to recover damages.

In support of its motion to dismiss for failure to state a claim and its objections to interrogatories, the defendant contends that:

(1) The complaint is insufficient because it fails to allege (a) a precedent demand to cease broadcasting; and (b) that the news was still fresh at the time it was broadcast;

(2) The complaint is defective in that it proceeds upon two inconsistent theories— the recovery of damages for the acts referred to and for unjust enrichment;

(3) The plaintiffs slumbered on their rights and therefore are guilty of laches;

(4) The broadcasting by one member of the news received by another member of the Associated Press affords no basis for a claim of unfair competition; and

(5) The right asserted is unknown to the law.

■■ In support of its contention that the absence of an allegation of a precedent demand to cease broadcasing items of news from plaintiffs' newspaper is fatal, the defendant points to the forms of complaint for infringement of patent and copyright and unfair competition containing such allegation, which are set forth in the appendix to the Federal Rules of Civil Procedure, form 17, 28 U.S.C.A., and also to Associated Press v. KVOS, 9 Cir., 80 F.2d

575, reversed on jurisdictional grounds, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183, in which such an allegation was made. Undoubtedly notice to cease and an opportunity to comply should be prerequisites to the cumulation of damages where the wrong is innocently done, but it is doubtful whether, under the liberalized procedure, a specific allegation of such facts is essential. When the motion to dismiss was made on May 28, 1952, the 3rd count of the complaint alleged:

"Defendant acted wilfully and wantonly with gross disregard of the rights and feelings of the plaintiffs, and acted after protest by which the managing officers had knowledge of the wilful acts of the employees and condoned such acts and even participated in such acts."

but on December 26, 1952, this count was stricken by stipulation. Nevertheless, enough remains in the allegations in Count 2 from which notice may be inferred.

■ Although a quasi-property right in news exists only while the news is fresh, and proof of its character in that respect is essential to recovery, it does not follow that it is necessary to allege the particulars of the tort in such detail. The allegation that the news was pirated is sufficient, in the light of the information, elicited by means of interrogatories, that the broadcasts coincided in point of time with the completion of distribution of the paper to subscribers.

■ As to the point that the complaint proceeds upon two inconsistent theories in seeking to recover damages from the acts complained of and for unjust enrichment, it is not clear that the plaintiffs are not entitled to recover damages and defendant's profits. Clark's New York Law of Damages, Section 361. But even if these theories are inconsistent, manifestly dismissal of the complaint would not be warranted.

■ The defendant's third contention, that the plaintiffs slumbered on their rights for almost a year, without asserting their claim, is closely related to the contention that there was no notice or demand. The record discloses that the plaintiffs attempted, unsuccessfully, to settle the controversy through the intercession of the Associated Press. It also appears that the plaintiff assumed that the defendant would cease the practice complained of when it procured its own wire service from the Associated Press. These facts appear to not only negative the charge of slumbering but suggest the exhaustion of all extra-judicial measures, with resort to this action as the only alternative.

■ The fourth contention that the reading, by one member of the Associated Press of news items appearing in the paper of another member, affords no basis for a claim of unfair competition, overlooks the fact that the defendant's membership is not apparent from the complaint. Moreover, it appears from the briefs that the defendant is merely an associate member and, as such, not entitled to the same dispatches as the plaintiff.

■ As to the fifth contention, that the claim here asserted is unknown to the law, and that the court may not legislate to create such a right, it may be conceded that the identical fact situation has not previously been dealt with by the courts. But it does not follow that the right here asserted may not be recognized, in view of what was said in International News Service v. Associated Press, 248 U.S. 215, 233, 39 S.Ct. 68, 70, 63 L.Ed. 211;

"It is said that the Circuit Court of Appeals granted relief upon considerations applicable to particular members of the Associated Press, and that this was erroneous because the suit was brought by complainant as a corporate entity, and not by its members; the argument being that their interests cannot be protected in this proceeding any more than the individual rights of a stockholder can be enforced in an action brought by the corporation. From the averments of the bill, however, it is plain that the suit in substance was brought for the benefit of complainant's members, and that they would be proper parties, and, except for their numbers, perhaps necessary parties. Complainant is a proper party to con-

duct the suit as representing their interest * * *"

and in Associated Press v. KVOS, supra, 80 F.2d at page 580:

"Their presence as parties is not required to prove the Association and all the members have been wronged by a misappropriation from some of them."

I am of the opinion, therefore, that the right here asserted is within the rationale of the cases cited. It may well be that plaintiffs' damages differ from those of the Associated Press as an entity, but since the parties are in direct competition, the probability that plaintiffs' injuries may be of a kind that could not be suffered by fellow-members of the Associated Press or by the Associated Press as an entity should occasion no surprise. It is not inconceivable that the pirating of news from the only daily newspaper by the only radio station in a small town would prove injurious to the paper. Since the complaint alleges damages. defendant's position that no damages took place because news from the radio would only whet the public appetite for the same news in the newspaper is of no avail on this motion. In the KVOS opinion, 80 F.2d at page 581, the court stated:

"KVOS' business of publishing, by the broadcast of combined advertising and the pirated news, for the profit from its advertising income constitutes unfair competition with the newspapers' business of gathering the news pirated by KVOS and publishing it combined with the advertising, seeking the profit both from the advertising service and from the subscriptions of its readers. The papers are unconscionably injured in performing a public function as well as in conducting a legitimate business."

Defendant's objections to plaintiff's interrogatories are based on the theory that plaintiff cannot recover on the theory of unjust enrichment. From what has already been said, defendant's profits constitute a proper field of inquiry, and the right to inquire lies with the plaintiff although it may be shared with the Associated Press.

Nims "Unfair Competition and Trade-marks" page 903.

Accordingly, I conclude that the interrogatories are relevant, and that defendant's objections thereto should be overruled, and that plaintiffs' motion to compel answers granted.